# EXHIBIT B

## Sale Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                     Chapter 11
SOUND SHORE MEDICAL CENTER                      Case No. 13-_____ (__)
OF WESTCHESTER, et al.

                Debtors.
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105(A), 363 AND 365 OF THE BANKRUPTCY CODE APPROVING SALE OF THE DEBTORS REAL PROPERTY AND DESIGNATED PERSONAL PROPERTY ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

Upon the Motion (the "**Sale Motion**")[1] dated May 28, 2013, of Sound Shore Medical Center and its debtor affiliates (each a "**Debtor**" and collectively, the "**Debtors**"), in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**") for (i) an order pursuant to, inter alia, sections 105(a), 363, 365 and 1146(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(a)(2), 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving (i) the sale of the Acquired Assets (the "**Sale**"), free and clear of all liens, claims, encumbrances and other interests except as otherwise expressly provided in the Purchase Agreement attached to the Sale Motion as Exhibit C (the "**Purchase Agreement**"), and (ii) the assumption and assignment of the Assumed Contracts pursuant to the Assignment Procedures, and (iii) for related relief, all as further set forth and defined in the Sale Motion and the Purchase Agreement; and this Court having reviewed the Sale Motion and the Purchase Agreement and upon this Court's prior order, dated June ____, 2013, approving the Bidding Procedures (the "**Bidding Procedures Order**"); and due notice of the Sale Motion, the Bidding Procedures Order and the auction conducted in connection therewith (the "**Auction**")

---

[1] Unless otherwise indicated, capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Sale Motion.

2505930v.2

having been given to all parties entitled thereto; and the Auction having been held on _____, 2013;

**NOW THEREFORE**, upon the entire record of the Bidding Procedures Hearing and the Sale Hearing (each as defined in the Bidding Procedures Order) and this case, and after due deliberation thereon and good cause appearing therefor;

### IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A. <u>Jurisdiction and Venue</u>. The Court has subject matter jurisdiction over the Sale Motion and the relief request therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>. Proper, timely, adequate and sufficient notice of the Sale Motion and the relief requested therein, the Auction, the Sale Hearing, the Sale, the Break-Up Fee and related transactions collectively described in the Purchase Agreement (all such transactions being collectively referred to as the "**Sale Transaction**"), has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006 and in compliance with the Bidding Procedures Order, to all Notice Parties and Scheduled and Filed Creditors being all of the interested persons and entities required to receive notice, as evidenced by the Affidavit of Service filed with the Court. Such notice was good and sufficient, and appropriate under the particular circumstances.

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

C.  **Opportunity to Object and Bid**.  Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to bid for the Assets.  A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

D.  **Auction**.  The Auction was conducted fairly and in good faith, without collusion and in accordance with the Bidding Procedures Order, and afforded a full, fair and reasonable opportunity for any party to make a higher or otherwise better offer to purchase the Acquired Assets. At the conclusion of the Auction, Buyer was selected as the Successful Bidder. The Debtors' determination (in consultation with the Creditors' Committee) that the Purchase Agreement constitutes the highest and best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtors' business judgment.

E.  [**Back-Up Bidder**.  At the conclusion of the Auction, the Debtors selected the competing bid of _____ ("____"), upon the terms of its last submitted bid in the amount of $_____, and such other terms as set forth in more detail in the modified sale agreement (the "**Backup Agreement**") of _____, as the Backup Bid. _____ shall be bound by all obligations and requirements applicable to the Backup Bidder, as set forth in the Bidding Procedures Order and Bidding Procedures.  In the event the Buyer fails to close the Sale Transaction, the Debtors, in their sole and absolute discretion, may elect instead to sell the Acquired Assets to the Backup Bidder in accordance with the terms of the Backup Agreement without any further order of the Bankruptcy Court, and all references in this Order to the Buyer shall in all regards be understood to refer to the Backup Bidder, and all references in this Order to the Purchase Agreement shall in all regards be understood to refer to the Backup Agreement.]

2505930v.2

F. **Compliance with Bidding Procedures Order.** The marketing and bidding processes implemented by the Debtors, as set forth in the Sale Motion, the Bidding Procedures Order, and supporting documentation filed in connection therewith, were fair, proper, complete, and reasonably calculated to result in the best value received for the Acquired Assets.

G. **Corporate Authority.** The Debtors have full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated in connection therewith.

H. **Business Justification.** The Debtors have articulated good, sufficient, and sound business reasons for consummating the Purchase Agreement, and the sale of the Acquired Assets outside a plan of reorganization, and it is a reasonable exercise of the Debtors' business judgment to consummate the transactions contemplated by the Purchase Agreement.

I. **Best Interests.** Approval of the Purchase Agreement and the consummation of the Sale Transaction is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

J. **Highest or Otherwise Best.** The Buyer's bid for the purchase of the Acquired Assets, as set forth in the Purchase Agreement, [and as subsequently amended at the Auction], is (i) fair and reasonable, and (ii) is the highest or otherwise best offer received for the Acquired Assets.

K. **Arm's Length Transaction.** The Purchase Agreement was negotiated, proposed and entered into by the Debtors and the Buyer without collusion, in good faith and from arm's-length bargaining positions. The Buyer is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. Neither the Debtors, or the Buyer have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided

under Bankruptcy Code section 363(n). Specifically, the Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.

L.    Free and Clear. The Debtors have complied with 11 U.S.C.§ 363(f) because all parties with a claim or interest in the Acquired Assets consents to the sale. Except as provided in the Purchase Agreement, and with the exception of the Excluded Assets, including the accounts receivable, and the Debtors' Medicare and Medicaid provider numbers, the transfer of the Acquired Assets will be a legal, valid, and effective transfer of the Acquired Assets, and will vest the Buyer with all right, title, and interest of the Debtors in and to the Acquired Assets, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, free and clear of all liens, claims, interests, obligations, rights and encumbrances, except as otherwise specifically provided in the Purchase Agreement. Buyer is not taking assignment of any contracts unless specifically identified in the Purchase Agreement. Buyer is not acquiring the Debtors' provider numbers or accounts receivable and is not continuing the operations of the Debtors. Therefore, except as specifically provided in the Purchase Agreement, and consistent with Section 363(f) of the Bankruptcy Code, the Buyer shall have no liability for any claims arising out of or related to the Sale or transfer of the Acquired Assets arising from claims against the Debtors or their estates or any liabilities or obligations of the Debtors and/or their estates, under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability. All persons and entities asserting or holding any claims or interests in or with respect to the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated),

2505930v.2

howsoever arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such claims or interests against the Buyer.

      M.    <u>Avoidance of Successor Liability</u>. Except as otherwise set forth in the Purchase Agreement, the transfer of the Acquired Assets to the Buyer will not subject the Buyer to any liability for any claims against the Debtors or the Acquired Assets existing as of the closing of the Sale by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, ERISA, successor, transferee or vicarious liability; provided however, that nothing in this paragraph shall be construed as limiting any party's rights to assert a claim against the Debtors, the Debtors' estates or proceeds of the Sale arising after the date of this Order. Notwithstanding the foregoing, nothing in this Order or the Purchase Agreement releases, nullifies or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner, lessor, lessee or operator of the property after the date of entry of this Order. Nothing contained in this Order or in the Purchase Agreement shall in any way (i) diminish the obligation of any entity to comply with environmental laws, or (ii) diminish the obligations of the Debtors to comply with environmental laws consistent with their rights and obligations as debtors in possession under the Bankruptcy Code. Notwithstanding the foregoing sentence, nothing in this Order shall be interpreted to deem the Buyer as the successor to the Debtors under any state law or federal law successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties for days of violation prior to Closing or liable for liability or obligation of the Debtors. Nothing in this paragraph should be

construed to create for any governmental unit any substantive right that does not already exist under law.

N.  **Legal and Factual Bases**.  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1.  **Findings of Fact; Conclusions of Law**.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed and deemed so ordered, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed and deemed so ordered.

2.  **Objections**.  All objections, if any, to the Sale Motion have been withdrawn, settled or waived.

3.  **Sale Approval**.  The Sale, and all of the terms and conditions and transactions contemplated by the Purchase Agreement are hereby authorized and approved pursuant to, inter alia, sections 105(a), 363(b) and 365(a) of the Bankruptcy Code.  The Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized and directed to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the Purchase Agreement.  The Debtors are authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to

implement the Purchase Agreement and effectuate the provisions of this Order and the transactions approved hereby.

4. <u>Surrender of Assets and Real Property</u>. All entities who are presently, or who as of the Closing may be, in possession of some or all of the Acquired Assets hereby are directed to surrender possession of the Acquired Assets to the Buyer as of the Closing.

5. <u>Assumption and Assignment of Assumed Contracts</u>. Pursuant to Bankruptcy Code §§365(b), (c) and (f), the Debtors are authorized to assume and assign the Assumed Contracts designated for assignment to the Purchaser pursuant to the Purchase Agreement, subject to the Assignment Procedures approved in the Bidding Procedures Order; provided, however, that there shall be no assumption of any such contract absent simultaneous assignment thereof to the Buyer. The Buyer shall be deemed to be substituted for the Debtors as a party to each of the Assumed Contracts, and pursuant to Bankruptcy Code §365(k), the Debtor and its estate shall be relieved from any liability for breach of any such Assumed Contract after assignment of such Assumed Contract to the Buyer. In accordance with Bankruptcy Code §§365(b)(2) and (f), upon transfer of the Assumed Contracts to the Purchaser, (i) the Purchaser shall have all of the rights of the Debtors thereunder and each provision of such Assumed Contracts shall remain in full force and effect for the benefit of the Buyer notwithstanding any provision in any such contract, lease, or in applicable law that prohibits, restricts or limits in any way such assignment or transfer, and (ii) none of the Assumed Contracts may be terminated, or the rights of any party modified in any respect, including pursuant to any "change of control" clause, by any other party thereto as a result of the consummation of the transactions contemplated by the Purchase Agreement. There shall be no rent accelerations, assignment fees, increases or any other fees charged or chargeable to the Purchaser as a result of the assumption,

8

assignment and sale of the Assumed Contracts. Any provision in any Assumed Contract or Lease that prohibits or conditions the assignment of such contract or lease, or allows the counterparty to such contract or lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract or lease, constitutes an unenforceable anti-assignment provision, and is void and of no force and effect. The validity of the assumption, assignment and sale of the Assumed Contracts to the Buyer shall not be affected by any existing dispute between the Debtors and any counterparty to an Assumed Contract. Any party that may have had the right to consent to the assignment of its Assumed Contract is deemed and determined to have consented to the assignment for the purposes of Bankruptcy Code §365(e)(2)(A)(ii)

6. <u>Payment of Undisputed Cure Amounts</u>. On or as promptly after the Closing as practical, the Cure Amounts to which no objections have been filed, or to which the Debtors and applicable non-debtor contract party have agreed as to the allowed Cure Amount(s), shall be paid.

7. <u>Disputed Cure Amounts</u>. A further hearing shall be held on [_____]2013 at [_____] to consider any unresolved objections to the Cure Amounts set forth in the pursuant to Bankruptcy Code §365 and the Assignment Procedures. With respect to Cure Amounts to which objections have been raised and not resolved, such Cure Amounts shall be paid by the Debtors within the later of (i) five business days after the Closing or (ii) five business days after entry of a final, non-appealable Order allowing the Cure Amounts.

8. <u>Cure Payments</u>. The Debtors' and/or Buyer's payment of the undisputed Cure Amounts shall be deemed to discharge all obligations of the Debtors: (i) to cure any defaults under the Assumed Contracts; and (ii) compensate, or provide adequate assurance that

9

the Buyer or the Debtors, as applicable, will promptly compensate, any non-debtor party to the Assumed Contracts for any actual pecuniary loss resulting from any default under the Assumed Contracts. Pursuant to Bankruptcy Code §365(k), the Debtors shall have no liabilities for any claims arising or relating to or accruing post-Closing under any of the Assumed Contracts.

9.  CON Approval. In the event (i) DOH has disapproved or indicated that it will disapprove the CON Application and (ii) DOH will not provide or has indicated that it will not provide the Alternative DOH Approval _____ (__) days after the entry of this Order by the Bankruptcy Court, then, upon _____ (__) Business Days' notice to the other party, either the Debtors or Buyer may terminate the Purchase Agreement in accordance with _____ of the Purchase Agreement; provided however, that in each case no such termination shall be permitted if within such _____ (__) Business Day period, DOH approves the CON Application or provides the Alternative DOH Approval. [**CONFIRM**]

10. Retention of Rights By the Government. Nothing in this Order or in the Purchase Agreement (i) releases, nullifies, precludes or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations (including but not limited to environmental laws or regulations), and any associated liabilities for penalties, damages, cost recovery, or injunctive relief that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order; or (ii) should be construed to give Buyer any more protection against any government unit than it is otherwise entitled to under 11 U.S.C. § 363(f). Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law. Nothing contained in this Order or Purchase Agreement shall in any way diminish the obligation of any entity, including the Debtors, to comply with environmental laws. Nothing in this Order or the

Purchase Agreement authorizes the transfer to the Buyer of any licenses, permits, registrations, or governmental authorizations and approvals without the Buyer's compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

### Additional Provisions

11. <u>Additional Documents</u>. Prior to or upon the Closing of the Sale Transaction, the Debtors' creditors are directed to execute such documents and take all other actions as may be necessary to release their interests, if any, in the Acquired Assets as such Interests, Liens, claims and/or other encumbrances may have been recorded or may otherwise exist.

12. <u>Financing Statements</u>. If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing interests with respect to the Debtors and/or the Acquired Assets shall not have delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtors, the Acquired Assets or otherwise, then (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets and (b) Buyer and/or the Debtors are hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests and Liens in, against or with respect to the Debtors and/or the Acquired Assets. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

13. <u>Modifications</u>. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not (i) materially change the terms of the Purchase Agreement, (ii) modify the express terms of this Order, and (iii) have a material adverse effect on the Debtors' estates, and Debtors shall provide reasonable advance notice of any such modification to counsel for the Creditors Committee, counsel for the DIP Lender and the Office of the United States Trustee.

14. <u>Automatic Stay</u>. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court to allow the Buyer to (i) give the Debtors any notice provided for in the Purchase Agreement, and (ii) take any and all actions permitted by the Purchase Agreement and ancillary agreements in accordance with the terms and conditions thereof.

15. <u>Recording</u>. Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Acquired Assets conveyed to the Buyer.

16. <u>Bulk Sales</u>. No bulk sales law, or similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Purchase Agreement, the Sale Motion and this Order.

17. <u>Successors, Assigns</u>. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of,

2505930v.2

the Debtors, their estates, their creditors, the Buyer, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtors' creditors, all prospective and actual bidders for some or all of the Acquired Assets, and all persons and entities receiving notice of the Sale Motion, the Auction and/or the Sale Hearing notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, or any trustee(s), examiner(s), or receiver(s).

18.  **Non-Severability/Failure to Specify.** The provisions of this Order are non-severable and mutually dependent. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

19.  **Order Immediately Effective.** As provided by Bankruptcy Rules 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

20.  **Retention of Jurisdiction.** This Court retains jurisdiction on all matters pertaining to the relief granted herein, including to interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects.

Dated: _____, 2013
      New York, New York

                                _____
                                HONORABLE ROBERT D. DRAIN
                                UNITED STATES BANKRUPTCY JUDGE