October 20, 2014                                              *Second Request: December 4, 2014*
                                                                     *via CM/ECF & Regular Mail*

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re:   Sound Shore Medical Center of Westchester, et. al.
      Chapter 11 - Case No.: 13-22840 (RDD)
      Claimants - Porretto - Claim Nos. 597, 598, 599 & 600
      Our File No.: 2710-01

Dear Judge Drain:

This firm represents the plaintiffs in the case of Porretto v. Rangraj et al., Westchester County Index #16643/09. Sound Shore Medical Center of Westchester, Inc. is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Timely proofs of claim were filed in the instant Bankruptcy. I write to Your Honor to address an issue.

On July 17, 2013, I wrote to Garfunkel Wild, P.C. and asked that I be provided with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants (letter, without enclosure, is enclosed). I was advised that there would be a mandatory mediation process, which was reiterated at a meeting with the Administrative Judge for the Ninth Judicial District, the Honorable Alan D. Scheinkman. It was also reflected in Order entered October 25, 2013 [Doc 402], by this Honorable Court, which states in pertinent part:

> ORDERED, that all Medical Malpractice Claimants who hold timely-filed Medical Malpractice Claims, and/or are served with a Medication Notice, are hereby referred to mediation (the "Mediation"), and no Medical Malpractice Claimant shall be allowed to continue any action with respect to, or seek a recovery on account of, any Medical

> Malpractice Claim against the Debtors, the Medical Professionals, or any of the Debtor's assets, unless they have first complied, in good faith, with the Claims Resolution Process as approved hereby; ...
>
> \* \* \* \*
>
> ORDERED, that no party in interest shall be allowed to conduct any discovery related to a Medical Malpractice Claim prior to the initial Mediation Session, and any discovery allowed after the initial Mediation Session shall be determined by the Mediator in his or her sole discretion;
> ...
>
> \* \* \* \*
>
> ORDERED, that **no** Medical Malpractice Claimant shall **not** have the right to modify the terms and conditions of the Stay Modification Stipulation; ...
>
> \* \* \* \*
>
> ORDERED, that the Notice of Entry shall (i) advise each Medical Malpractice Claimant that his or her Medical Malpractice Claim has been referred to Mediation pursuant to the terms of this Order, (ii) indicate that the Medical Malpractice Claimant may opt out of the Mediation process by advising counsel for the Debtors in writing of his or her desire to resolve the Medical Malpractice claim pursuant to the Stay Modification Option, and (iii) advise each Medical Malpractice Claimant that he or she may avoid the Mediation process by withdrawing his or her Medical Malpractice Claim in its entirety or by otherwise reaching a settlement with the Debtors; ...

(Emphasis Supplied).

A year has transpired and we have not received any contact concerning Mediation of the Porretto's claim, including, but not limited to, the Notice of Entry.

This is particularly concerning as the following language appears in the First Amended Disclosure Statement, Pursuant to Section 1125 of the Bankruptcy Code, for First Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code of Sound Shore Medical Center of Westchester, et al., dated September 17, 2014 [Doc 820]:

> ... On February 4, 2014, the Court entered an order [Docket No. 598] approving the retention of Garbarini as the debtor's special medical malpractice counsel. Pursuant to their retention order, Garbarini has

since been assisting the Debtors in resolving open Medical Malpractice/Personal Injury Claims and was responsible for representing Debtors' interests in the context of the mediation of Medical Malpractice/Personal Injury Claims. **The Plan Administrator intends to retain Garbarini to continue providing services after the Effective Date, in the event any additional post Effective Date mediations are required.**" (Emphasis Supplied).

Prompted by the foregoing, I made inquiry as to the scheduling of Mediations involving Sound Shore Medical Center of Westchester, Inc. I am not presently aware of a single mediation that has taken place. Consequently, I again asked Garfunkel Wild, P.C. to provide me with the papers necessary to lift the stay. This time, no reference was made to "Mediation" and a "Stipulation and Agreed Order Modifying the Automatic Stay and Limiting Recovery to Proceeds of Available Insurance" was provided.

Contained in the Stipulation is the following language:

> Effective as of the date hereof, the automatic stay imposed in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code, as extended by the Order, is hereby modified for the sole purpose of allowing the Action to proceed to judgment or settlement in a forum other than this Court; provided, however, that ... (d) no Debtor shall be required to participate in any way in the Action.

(Underline in original).

This language is objectionable. If the Debtor is not required to participate in the Action, how then, for example, can discovery from said Debtor/defendant(s) be obtained? As there is applicable insurance coverage with respect to the Porretto claims and a defense firm is/was being compensated by Physicians' Reciprocal Insurers to defend the Debtor/defendants in the medical malpractice/wrongful death Action, the Debtor's participation does not prejudice the Debtor's Estate and must not be barred.

The Porretto's claim has been delayed for more than a year, predicated upon an Ordered Mediation which has not taken place and while relief from the Stay has now become an option, it is limited in such a way as to prejudice the plaintiffs. If Mediation is not being imposed, then the objectionable Stipulation language should

not be imposed either.

Thank you for your courtesy.

Very truly yours,

PIRROTTI & GLATT LAW FIRM PLLC

*[signature]*

Adam J. Glatt (AJG 9868)
AJG/300
Enclosure

cc:   Garfunkel Wild, P.C.                               *Via Fax: (516) 466-5964*
      Aaronson, Rappaport, Feinstein & Deutsch, LLP   *Via Fax: (212) 593-6970*

# PIRROTTI & GLATT LAW FIRM PLLC

*Anthony Pirrotti, Jr.*
*Adam J. Glatt*

*Counsellors at Law*

July 17, 2013

<u>*Via Facsimile: (516) 466-5964*</u>

Garfunkel Wild, P.C.
111 Great Neck Road, 6th Floor
Great Neck, New York 11021
Attention: Burton S. Weston, Esq.

Re:   Porretto v. Rangraj, et al.
      <u>Our File No.: 2710-01</u>

Dear Mr. Weston:

As we discussed, my firm represents the plaintiffs in the case of <u>Porretto v. Rangraj</u>, Westchester County Index #16643/09 (a copy of the stamped Summons and Amended Summons, along with the Index Number Receipt, are enclosed). Sound Shore Medical Center is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Please provide me with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants. Defense counsel for the aforementioned defendants, Aaronson, Rappaport, Feinstein & Deutsch, LLP, represented in a Response to Combined Demands, that "[d]uring the time of the alleged SOUND SHORE MEDICAL CENTER OF WESTCHESTER and SOUND SHORE HEALTH SYSTEM were covered under Physicians' Reciprocal Insurers. Policy Number 88181 with policy limit of $2 million\$6 million." A copy of the Response is enclosed.

Thank you for your courtesy.

Very truly yours,

PIRROTTI & GLATT LAW FIRM PLLC

Adam J. Glatt
AJG/294

cc:   Aaronson, Rappaport, Feinstein & Deutsch, LLP - *Via Fax - 212-593-6970*

---

*2 Overhill Road, Suite 200*                                              (914) 723-4333
*Scarsdale, New York 10583*                                         Fax (914) 723-4838

*www.pg-lawfirm.com*

```
* * * Communication Result Report ( Jul. 17. 2013  3:18PM ) * * *
                                                                                1)
                                                                                2)

Date/Time: Jul. 17. 2013  3:16PM

File                                                                                      Page
No.  Mode              Destination                      Pg(s)      Result          Not Sent
----------------------------------------------------------------------------------------------
0440 Memory TX         15164665964                      P. 11      OK
     2710001




-----------------------------------------------------------------------------------------------
Reason for error
    E. 1) Hang up or line fail                   E. 2) Busy
    E. 3) No answer                              E. 4) No facsimile connection
    E. 5) Exceeded max. E-mail size
```

# PIRROTTI & GLATT LAW FIRM PLLC

Anthony Pirrotti, Jr.
Adam J. Glatt                                                   Counsellors at Law

July 17, 2013

                                                    *Via Facsimile: (516) 466-5964*

Garfunkel Wild, P.C.
111 Great Neck Road, 6th Floor
Great Neck, New York 11021
Attention: Burton S. Weston, Esq.

Re:  Porretto v. Rangraj, et al.
     Our File No.: 2710-01

Dear Mr. Weston:

As we discussed, my firm represents the plaintiffs in the case of Porretto v. Rangraj, Westchester County Index # 16643/09 (a copy of the stamped Summons and Amended Summons, along with the Index Number Receipt, are enclosed). Sound Shore Medical Center is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Please provide me with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants. Defense counsel for the aforementioned defendants, Aaronson, Rappaport, Feinstein & Deutsch, LLP, represented in a Response to Combined Demands, that "[d]uring the time of the alleged SOUND SHORE MEDICAL CENTER OF WESTCHESTER and SOUND SHORE HEALTH SYSTEM were covered under Physicians' Reciprocal Insurers, Policy Number 88181 with policy limit of $2 million/$6 million." A copy of the Response is enclosed.

Thank you for your courtesy.

Very truly yours,

PIRROTTI & GLATT LAW FIRM PLLC

Adam J. Glatt
AJG/294
cc:  Aaronson, Rappaport, Feinstein & Deutsch, LLP - *Via Fax - 212-593-6970*

---
2 Overhill Road, Suite 200                            (914) 723-4333
Scarsdale, New York 10583                             Fax (914) 723-4838
                    www.pg-lawfirm.com

\*  \*  \*  Communication Result Report ( Jul. 17. 2013  3:19PM )  \*  \*  \*

1)
2)

Date/Time: Jul. 17. 2013  3:17PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 0441 | Memory TX 2710001 | 12125936970 | P. 11 | OK | |

Reason for error
 E. 1) Hang up or line fail        E. 2) Busy
 E. 3) No answer                   E. 4) No facsimile connection
 E. 5) Exceeded max. E-mail size

---

# PIRROTTI & GLATT LAW FIRM PLLC

*Anthony Pirrotti, Jr.*
*Adam J. Glatt*                                                           *Counsellors at Law*

July 17, 2013

*Via Facsimile: (516) 466-5964*

Garfunkel Wild, P.C.
111 Great Neck Road, 6th Floor
Great Neck, New York 11021
Attention: Burton S. Weston, Esq.

Re:  Porretto v. Rangraj, et al.
     Our File No.: 2710-01

Dear Mr. Weston:

As we discussed, my firm represents the plaintiffs in the case of *Porretto v. Rangraj*, Westchester County Index # 16643/09 (a copy of the stamped Summons and Amended Summons, along with the Index Number Receipt, are enclosed). Sound Shore Medical Center is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Please provide me with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants. Defense counsel for the aforementioned defendants, Aaronson, Rappaport, Feinstein & Deutsch, LLP, represented in a Response to Combined Demands, that "[d]uring the time of the alleged SOUND SHORE MEDICAL CENTER OF WESTCHESTER and SOUND SHORE HEALTH SYSTEM were covered under Physicians' Reciprocal Insurers. Policy Number 88181 with policy limit of $2 million\$6 million." A copy of the Response is enclosed.

Thank you for your courtesy.

Very truly yours,

PIRROTTI & GLATT LAW FIRM PLLC

Adam J. Glatt
AJG/294
cc:  Aaronson, Rappaport, Feinstein & Deutsch, LLP - *Via Fax - 212-593-6970*

2 Overhill Road, Suite 200                                    (914) 723-4333
Scarsdale, New York 10583                                     Fax (914) 723-4838
                          www.pg-lawfirm.com

\*  \*  \*  Communication Result Report ( Oct. 21. 2014  4:23PM )  \*  \*  \*

```
                                                                          1)
                                                                          2)

Date/Time: Oct. 21. 2014  4:22PM

File                                                                              Page
No.  Mode              Destination                    Pg(s)      Result       Not Sent
-------------------------------------------------------------------------------------------
4323 Memory TX          15164665964                    P. 7       OK
     2710001




-------------------------------------------------------------------------------------------
Reason for error
  E. 1) Hang up or line fail                    E. 2) Busy
  E. 3) No answer                               E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size
```

# PIRROTTI & GLATT LAW FIRM PLLC

*Anthony Pirrotti, Jr.*
*Adam J. Glatt*                                                          *Counsellors at Law*

October 20, 2014

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re:   Sound Shore Medical Center of Westchester, et. al.
      Chapter 11 - Case No.: 13-22840 (RDD)
      Claimants - Porretto - Claim Nos. 597, 598, 599 & 600
      Our File No.: 2710-01

Dear Judge Drain:

This firm represents the plaintiffs in the case of *Porretto v. Rangraj et al.*, Westchester County Index #16643/09. Sound Shore Medical Center of Westchester, Inc. is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Timely proofs of claim were filed in the instant Bankruptcy. I write to Your Honor to address an issue.

On July 17, 2013, I wrote to Garfunkel Wild, P.C. and asked that I be provided with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants (letter, without enclosure, is enclosed). I was advised that there would be a mandatory mediation process, which was reiterated at a meeting with the Administrative Judge for the Ninth Judicial District, the Honorable Alan D. Scheinkman. It was also reflected in Order entered October 25, 2013 [Doc 402], by this Honorable Court, which states in pertinent part:

> ORDERED, that all Medical Malpractice Claimants who hold timely-filed Medical Malpractice Claims, and/or are served with a Medication Notice, are hereby referred to mediation (the "Mediation"), and no Medical Malpractice Claimant shall be allowed to continue any action with respect to, or seek a recovery on account of, any Medical

*2 Overhill Road, Suite 200*                                          *(914) 723-4333*
*Scarsdale, New York 10583*                                      *Fax (914) 723-4838*
                              www.pg-lawfirm.com

```
* * * Communication Result Report ( Oct. 21. 2014  4:24PM ) * * *
                                                                1)
                                                                2)

Date/Time: Oct. 21. 2014  4:22PM

File                                                                              Page
 No. Mode             Destination              Pg(s)      Result            Not Sent
-----------------------------------------------------------------------------------
4324 Memory TX        12125936970              P.   7     OK
     2710001




Reason for error
  E. 1) Hang up or line fail              E. 2) Busy
  E. 3) No answer                         E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size
```

---

## PIRROTTI & GLATT LAW FIRM PLLC

Anthony Pirrotti, Jr.
Adam J. Glatt                                                    Counsellors at Law

October 20, 2014

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re: Sound Shore Medical Center of Westchester, et. al.
    Chapter 11 - Case No.: 13-22840 (RDD)
    Claimants – Porretto – Claim Nos. 597, 598, 599 & 600
    Our File No.: 2710-01

Dear Judge Drain:

This firm represents the plaintiffs in the case of Porretto v. Rangraj et al., Westchester County Index #16643/09. Sound Shore Medical Center of Westchester, Inc. is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Timely proofs of claim were filed in the instant Bankruptcy. I write to Your Honor to address an issue.

On July 17, 2013, I wrote to Garfunkel Wild, P.C. and asked that I be provided with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants (letter, without enclosure, is enclosed). I was advised that there would be a mandatory mediation process, which was reiterated at a meeting with the Administrative Judge for the Ninth Judicial District, the Honorable Alan D. Scheinkman. It was also reflected in Order entered October 25, 2013 [Doc 402], by this Honorable Court, which states in pertinent part:

> ORDERED, that all Medical Malpractice Claimants who hold timely-filed Medical Malpractice Claims, and/or are served with a Medication Notice, are hereby referred to mediation (the "Mediation"), and no Medical Malpractice Claimant shall be allowed to continue any action with respect to, or seek a recovery on account of, any Medical

\* \* \* Communication Result Report ( Dec. 4. 2014  3:36PM ) \* \* \*

1)
2)

Date/Time: Dec. 4. 2014  3:35PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4614 | Memory TX 2710001 | 15164665964 | P. 9 | OK | |

Reason for error
  E. 1) Hang up or line fail          E. 2) Busy
  E. 3) No answer                     E. 4) No facsimile connection
  E. 5) Exceeded max. E-mail size

---

October 20, 2014

*Second Request: December 4, 2014*
*via CM/ECF & Regular Mail*

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re: Sound Shore Medical Center of Westchester, et. al.
    Chapter 11 - Case No.: 13-22840 (RDD)
    Claimants - Porretto - Claim Nos. 597, 598, 599 & 600
    Our File No.: 2710-01

Dear Judge Drain:

This firm represents the plaintiffs in the case of *Porretto v. Rangraj et al.*, Westchester County Index #16643/09. Sound Shore Medical Center of Westchester, Inc. is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Timely proofs of claim were filed in the instant Bankruptcy. I write to Your Honor to address an issue.

On July 17, 2013, I wrote to Garfunkel Wild, P.C. and asked that I be provided with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants (letter, without enclosure, is enclosed). I was advised that there would be a mandatory mediation process, which was reiterated at a meeting with the Administrative Judge for the Ninth Judicial District, the Honorable Alan D. Scheinkman. It was also reflected in Order entered October 25, 2013 [Doc 402], by this Honorable Court, which states in pertinent part:

> ORDERED, that all Medical Malpractice Claimants who hold timely-filed Medical Malpractice Claims, and/or are served with a Medication Notice, are hereby referred to mediation (the "Mediation"), and no Medical Malpractice Claimant shall be allowed to continue any action with respect to, or seek a recovery on account of, any Medical

x x x Communication Result Report ( Dec. 4. 2014 3:38PM ) x x x

Date/Time: Dec. 4. 2014 3:35PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 4615 | Memory TX 2710001 | 12125936970 | P. 9 | OK | |

Reason for error
 E. 1) Hang up or line fail                    E. 2) Busy
 E. 3) No answer                                E. 4) No facsimile connection
 E. 5) Exceeded max. E-mail size

---

October 20, 2014

*Second Request: December 4, 2014*
*via CM/ECF & Regular Mail*

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

Re: Sound Shore Medical Center of Westchester, et. al.
    Chapter 11 – Case No.: 13-22840 (RDD)
    Claimants - Porretto – Claim Nos. 597, 598, 599 & 600
    Our File No.: 2710-01

Dear Judge Drain:

This firm represents the plaintiffs in the case of Porretto v. Rangraj et al., Westchester County Index #16643/09. Sound Shore Medical Center of Westchester, Inc. is a named defendant, as are a number of physicians who were residents/employees at the time of the malpractice alleged. Timely proofs of claim were filed in the instant Bankruptcy. I write to Your Honor to address an issue.

On July 17, 2013, I wrote to Garfunkel Wild, P.C. and asked that I be provided with the necessary document(s) so that plaintiffs' claim can be relieved from Sound Shore Medical Center's bankruptcy stay by agreeing to proceed only against insurance coverage afforded the aforementioned defendants (letter, without enclosure, is enclosed). I was advised that there would be a mandatory mediation process, which was reiterated at a meeting with the Administrative Judge for the Ninth Judicial District, the Honorable Alan D. Scheinkman. It was also reflected in Order entered October 25, 2013 [Doc 402], by this Honorable Court, which states in pertinent part:

> ORDERED, that all Medical Malpractice Claimants who hold timely-filed Medical Malpractice Claims, and/or are served with a Medication Notice, are hereby referred to mediation (the "Mediation"), and no Medical Malpractice Claimant shall be allowed to continue any action with respect to, or seek a recovery on account of, any Medical