UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re:

SOUND SHORE MEDICAL CENTER OF
WESTCHESTER, et al.,[1]

                             Debtors.

------------------------------------------------------------ X

Chapter 11 Case
Case No. 13-22840(RDD)

(Jointly Administered)

### STIPULATION AND AGREED ORDER
### MODIFYING THE AUTOMATIC STAY AND LIMITING
### RECOVERY TO PROCEEDS OF AVAILABLE INSURANCE

(CLAIMANT: CAROL D'ANCONA, CLAIM NO. 998)

THIS CAUSE coming before the Court on the agreement between Sound Shore Medical Center of Westchester, and the other above-captioned debtors (collectively, the "Debtors") and CAROL D'ANCONA (the "Claimant"), to modify the automatic stay in connection with the Action (as defined below) against the Debtors, but limiting all recovery solely to any available insurance coverage; and the Court being fully advised of the following agreement between the parties:

A.      On May 29, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

B.      Prior to the Petition Date, the Claimant commenced an action against SSMC, and other unrelated defendants styled as *Carol D'Ancona v. Sound Shore Medical Center of Westchester and German Masonic Corporation d/b/a Dumont Masonic Nursing Home* containing allegations of negligence and/or medical malpractice in Westchester County under Index No. 50982/2012 (the "Action").

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: Sound Shore Health System, Inc. (1398), Sound Shore Medical Center of Westchester (0117), The Mount Vernon Hospital (0115), Howe Avenue Nursing Home, Inc. d/b/a Helen and Michael Schaffer Extended Care Center (0781), NRHMC Services Corporation (9137), The M.V.H. Corporation (1514) and New Rochelle Sound Shore Housing, LLC (0117). There are certain additional affiliates of the Debtors who are not debtors and have not sought relief under Chapter 11.

3106044v.1

C. Upon the commencement of the Chapter 11 Cases, the Action was stayed by operation of section 362(a) of the Bankruptcy Code.

D. On or about September 16, 2013, the Claimant filed a proof of claim (the "Claim") in the Chapter 11 Cases, for $300,000.00, in connection with the allegations raised in the Action:

E. Pursuant to an order dated October 25, 2013 [Docket No. 402] (the "Order"), [2] and under the Stay Modification Option of the Order, this Court authorized the Debtors to enter into and file stipulations with the Court modifying the automatic stay for the sole purpose of permitting the Claimant to liquidate the Claim in a forum outside of this Court, but limiting all recovery solely to any available insurance coverage.

F. In accordance with the Order, the Debtors have agreed to modify the automatic stay solely to permit the Claimant to liquidate the Claim, but limiting all recovery solely to any available insurance coverage, it being understood that the Debtors make no representation as to the availability, applicability or amount of any such insurance applicable to the Action.

G. Claimant has also agreed to waive and withdraw, with prejudice, any claims currently filed against or scheduled by the Debtors.

**IT IS THEREFORE STIPULATED, AGREED AND ORDERED** as follows:

1. The foregoing recitals are hereby fully incorporated into and made an express part of this Stipulation and Agreed Order.

2. Effective as of the date hereof, the automatic stay imposed in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code, as extended by the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order.

2

3106044v.1

        Order, is hereby modified for the sole purpose of allowing the Action to proceed to judgment or settlement in a forum other than this Court; <u>provided, however,</u> that (a) any recovery by the Claimant in the Action against the Debtors or the Medical Professionals shall be limited solely to any available insurance coverage of the Debtors or Medical Professionals, as the case may be; (b) the Claimant (i) withdraws with prejudice any and all claims filed against the Debtors or the Medical Professionals[3] in these Chapter 11 Cases, including, without limitation, claim number 998 and (ii) waives and releases any and all other claims against each of the Debtors and any Medical Professionals relating to or arising from the Action; (c) each party shall bear its own legal fees and defense costs and other related fees and expenses in connection with any such litigation; and (d) no Debtor shall be required to participate in any way in the Action.

3. Except as otherwise set forth herein, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtors shall remain in full force and effect, and neither the Claimant, nor his or her agents, attorneys or representatives shall take any action to execute, enforce or collect on any such judgment against the Debtors or their estates.

4. This Stipulation and Agreed Order is solely to allow the Claimant to liquidate the Claim (but limiting all recovery solely to any available insurance coverage) and this Stipulation and Agreed Order shall not be construed as an admission of liability by the Debtors or their estates in connection with the Claim.

---

[3] The term "Medical Professionals" as defined in the Order includes any current and/or former employees and other professionals of the Debtors providing medical services at the Debtors' institutions who were covered under the Debtors' third party insurance or under the Debtors' self-insured medical malpractice plans (including without limitations, doctors, interns, residents, nurses and any other employees providing medical services).

3106044v.1

5. This Stipulation and Agreed Order may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or "PDF" counterparts, and which together shall constitute one and the same agreement.

6. This Stipulation and Agreed Order constitutes the entire agreement between the parties and may not be amended or modified in any manner except by a writing signed by each of the parties or their counsel and approved by the Court.

7. Each party and signatory to this Stipulation and Agreed Order represents and warrants to each other party hereto that such party or signatory has full power, authority and legal right and has obtained all approvals and consents necessary to execute, deliver and perform all actions required under this Stipulation and Agreed Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

AGREED TO IN FORM AND SUBSTANCE:

| GARFUNKEL WILD, P.C. | BAILLY & MCMILLAN, LLP |
|---|---|
| By: /s/ Afsheen A. Shah | By: /s/ Katherine Hall |
| Burton S. Weston | Katharine Hall |
| Afsheen A. Shah | |
| Adam T. Berkowitz | |
| 111 Great Neck Road | 244 Westchester Avenue, Suite 410 |
| Great Neck, New York 11021 | White Plains, New York 10604 |
| Telephone No.: (516) 393-2200 | Telephone No.: (914) 684-9100 |
| Facsimile No.: (516) 466-5964 | |
| Counsel for the Debtors | Counsel to the Claimant |

4

3106044v.1

SO ORDERED:

Dated: White Plains, New York
January 16, 2015

/s/Robert D. Drain

Honorable Robert D. Drain
United States Bankruptcy Judge

3106044v.1